IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| THEODORE MORAWSKI, as Next Friend for A.M. (A Minor) and OTHERS SIMILARLY SITUATED, | § § § § | |
| Plaintiff, | § § | |
| V. | § § | No. 3:14-mc-21-D-BN |
| FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY, ET AL., | § § § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Non-Parties Kelly Pruitt and Maranda Martin have filed a Motion to Quash Non-Party Subpoenas served on each of them to appear for deposition and to produce documents at Jackson Walker, L.L.P.'s Dallas office in a lawsuit pending in the United States District Court for the Eastern District of Texas. *See* Dkt. No. 1. Pruitt and Martin assert that the subpoenas should be quashed in their entirety because Plaintiff Theodore Morawski did not comply with Federal Rule of Civil Procedure 45. Plaintiff has not appeared and responded to the motion, and his time to do so has passed. *See* N.D. Tex. L. Civ. R. 7.1(e).

Although not styled as subpoenas, the deposition notices [Dkt. Nos. 1-1 & 1-2] at issue both purport to issue under Federal Rules of Civil Procedure 30(b)(1) and 45. And Pruitt and Martin insist that they are non-parties and that, if Plaintiff seeks their depositions, he must comply with Rule 45.

-1-

As to the first proposition, Pruitt and Martin have established that, as employees of a non-party, they are not parties subject to simply being noticed for their depositions. *See* Dkt. Nos. 1-3 & 1-4. This would be the case even if they were employees of a party, as opposed to a party's officers, directors, or managing agents. *See Karakis v. Foreva Jens Inc.*, No. 08-61470, 2009 WL 113456, at *1 (S.D. Fla. Jan. 19, 2009) (citing authorities).

Pruitt and Martin assert that, as non-parties, if Plaintiff seeks their depositions, he must comply with Rule 45. That is not necessarily so. A party need not comply with Rule 45 and issue a subpoena if a non-party will consent to having his deposition taken by notice alone. *See Ulin v. Lovell's Antique Gallery*, No. C-09-03160 EDL, 2010 WL 2680761, at *2 (N.D. Cal. 2010). Absent such consent, however, "to obtain an order compelling a non-party to appear for a deposition, the party seeking the deposition must not only notice the deposition, but must also properly serve the non-party with a deposition subpoena pursuant to Rule 45." *Bricker v. R & A Pizza, Inc.*, No. 2:10-cv-278, 2011 WL 3941982, at *3 (S.D. Ohio Sept. 6, 2011). Here, Pruitt and Martin clearly do not consent, and Plaintiff's deposition notices invoke Rule 45 as a basis for taking their depositions.

Pruitt and Martin ask this Court to quash the subpoenas as to each of them in their entirety because the subpoenas were not properly served on the non-party witnesses. As "the court for the district where compliance is required," this Court is the appropriate forum in which to move to quash the subpoenas. *See* FED. R. CIV. P. 45(d)(3).

Pruitt and Martin report that the subpoenas at issue in this motion were delivered on January 16, 2014 to Mr. Thomas Rogers and Mr. Bill Cobb, legal counsel for the defendants in the case, and that Plaintiff failed to tender one day's allowance and mileage as permitted by law. *See* Dkt. No. 1 at 3. Rule 45(b)(1) provides that "[s]erving a subpoena requires delivering a copy to the named person and, if the subpoena requires that person's attendance, tendering the fees for 1 day's attendance and the mileage allowed by law." FED. R. CIV. P. 45(b)(1). The United States Court of Appeals for the Fifth Circuit has held that "[t]he conjunctive form of the rule indicates that proper service requires not only personal delivery of the subpoena, but also tendering of the witness fee and a reasonable mileage allowance. [T]he plain meaning of Rule 45[(b)(1)] requires simultaneous tendering of witness fees and the reasonably estimated mileage allowed by law with service of a subpoena." *In re Dennis*, 330 F.3d 696, 704 (5th Cir. 2003) (internal quotation marks omitted). "A deposition witness is entitled to a statutory fee of forty dollars and a reasonable mileage allowance based on his mode and distance of transportation" – that is, the reasonably estimated mileage allowed by law. *Id.* at 705.

The deposition notices themselves reflect service on the defendants' counsel. *See* Dkt. Nos. 1-1 & 1-2. And there is no evidence that Plaintiff personally served Pruitt or Martin with a subpoena or tendered the required witness fees and mileage allowance. That renders the subpoenas invalid. *See, e.g.*, *Nunn v. State Farm Mut. Auto. Ins. Co.*, No. 3:08-cv-1486-D, 2010 WL 4258859, at *1 (N.D. Tex. Oct. 21, 2010).

Accordingly, the subpoenas served on non-parties Kelly Pruitt and Maranda

Martin to appear for deposition and to produce documents at Jackson Walker, L.L.P.'s Dallas office are invalid and must be – and hereby are – quashed.

Pruitt and Martin also assert that, if the Court grants their Motion to Quash in whole or in part, Pruitt and Martin should be awarded their reasonable expenses incurred in making the motion, including attorneys' fees. *See* Dkt. No. 1 at 11. "A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction – which may include lost earnings and reasonable attorney's fees – on a party or attorney who fails to comply. " FED. R. CIV. P. 45(d)(1).

The undersigned finds that an award of expenses is not warranted here under Rule 45(d)(1). The Court's decision on the motion to quash properly begins and ends with the fact that neither Pruitt nor Martin were properly served. That failure itself imposed no undue burden or expense on Pruitt or Martin, who are represented here by counsel for the defendants in the underlying case. The motion to quash offers other alternative grounds for quashing the subpoenas. Those arguments might or might not support a finding that Plaintiff's counsel failed to comply with his duty to take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. But, having found service improper and the subpoenas invalid, the Court has no reason to reach the other arguments in the motion, as the motion itself acknowledges. *See* Dkt. No. 1 at 3 ("For this reason alone, the Court should quash both subpoenas."). And so it has no basis for an award under Rule 45(d)(1).

-4-

The Motion to Quash Non-Party Subpoenas [Dkt. No. 1] is GRANTED in part and DENIED in part as explained above.

SO ORDERED.

DATED: February 24, 2014

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE